■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM COX, Appellant.—Appeal by defendant, as limited by his motion, from two sentences of the Supreme Court, Kings County, both imposed August 9, 1977, upon his conviction of two counts of criminal sale of a controlled substance in the third degree, upon his pleas of guilty, the sentences being concurrent terms of imprisonment of three years to life. Sentences modified, as a matter of discretion in the interest of justice, by reducing the minimum periods of incarceration to one year. As so modified, sentences affirmed. The sentences were excessive to the extent indicated herein. Damiani, J. P., Titone, Suozzi and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO HART, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 3, 1977, convicting him of attempted grand larceny in the third degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the County Court, Nassau County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Defendant was indicted for the crimes of grand larceny in the third degree and criminal possession of stolen property in the second degree. It was alleged, *inter alia,* that he had stolen certain property from B. Altman and Company in Nassau County. Admittedly, the defendant drove with a man named Smith to the store and waited in the car while Smith went inside. Fifteen minutes later Smith emerged from the store with an armful of clothing worth $500 and jumped into the car. They drove through the parking lot and turned onto Northern Boulevard, pursued by a radio patrol car. The officer in pursuit saw articles of clothing being thrown out of the window, which were recovered after defendant was apprehended. The defendant contends that he was ignorant of Smith's plan and when he saw what Smith had done he told him as they drove away, to get rid of the clothing. The officer in pursuit estimated the speed of defendant's vehicle at 65 to 70 miles per hour. On these facts, after a nonjury trial, the court convicted defendant of attempted grand larceny in the third degree. In our view, the judgment must be reversed because there is no basis in the evidence to support a finding that defendant had committed the crime of attempted larceny. The only issue in this case to be decided by the court was one of credibility between the police officer and the defendant. Once the trier of facts rejected defendant's version of the incident, as it obviously did, the only possible view of the evidence was that defendant was guilty of the consummated crime. The trial court may consider the crime of attempt only in those cases where the issue is close. Accordingly, the conviction of this defendant, whose sentence has already expired, is reversed and the indictment dismissed. Titone, J. P., Suozzi, Margett and Hawkins, JJ., concur.